# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DARRELL YARBOROUGH,<br><br>　　　　　Plaintiff,<br>v.<br><br>HALSTED FINANCIAL SERVICES, LLC,<br><br>　　　　　Defendant. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Darrell Yarborough, by and through his attorneys, alleges the following violations of his federal consumer protection rights against Defendant Halsted Financial Services ("Halsted").

## INTRODUCTION

1. Count I of Mr. Yarborough's Complaint against Halsted is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Mr. Yarborough's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3. Count III of Mr. Yarborough's Complaint is based upon the Florida Consumer

Collection Practices Act ("FCCPA"), §559.55 *et seq.* Fla. Stat. The FCCPA is a Florida statute that regulates the collection of debts within the state by debt collectors and original creditors. The FCCPA provides relief additional to the TCPA.

4. Count IV of Mr. Yarborough's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION

5. Jurisdiction of this court arises under 28 U.S.C. §§1331, 1367 and 47 U.S.C. §227.

6. Federal question jurisdiction exists because Halsted conduct violates Mr. Yarborough's rights under the TCPA and FDCPA, federal statutes.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within the Middle District of Florida.

8. Because Halsted conduct was aimed at, the effects of its conduct were suffered in, and it transacts business in the Middle District of Florida, personal jurisdiction is established.

## PARTIES

9. Mr. Yarborough is a natural person.

10. During all times pertinent to this complaint Mr. Yarborough resided in Sarasota, Florida.

11. Mr. Yarborough is a "consumer" as defined under §559.55(3), Fla. Stat.

12. Halsted is a "debt collector" as defined under 15 U.S.C. §1692a(6).

13. Halsted is a "creditor" as defined under §559.55(5), Fla. Stat.

14. Halsted is an Illinois corporation that regularly transacts business in Florida.

15. Halsted's principal place of business is located at 8001 Lincoln Ave, Ste 500, Skokie, IL 60077-3657.

16. Halsted's registered agent in Florida is Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

17. Halsted acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

19. Halsted is attempting to collect one or more alleged debts from Mr. Yarborough.

20. In or around August 2020, Mr. Yarborough began receiving telephone calls from Halsted to his cellular phone.

21. The calls mainly originated from the numbers: (252) 745-1171; (252) 862-2455; (252) 692-0958; (252) 923-8505; (252) 888-4404; (252) 301-3277; and (252) 501-3277. Upon information and belief, these phone numbers are owned, operated or controlled by Halsted or their agent(s).

22. On or about September 2, 2020, at 11:58 a.m., Mr. Yarborough answered a call from Halsted and spoke with a representative.

23. After picking up the call, Mr. Yarborough noticed a rapid burst of dialing tones or beeps and a longer-than-usual pause before the representative began speaking, consistent with the use of an automatic telephone dialing system.

24. The representative verified Mr. Yarborough's identity and indicated that they were attempting to collect a debt.

25. In response, Mr. Yarborough informed the representative that he was going through financial hardship and could not afford to make any payments. He further instructed Halsted to stop calling him and to instead communicate with him by mail, thereby revoking consent to be called on his cell phone.

26. Despite Mr. Yarborough expressly revoking consent to be, and explaining that he could not make a payment due to financial hardship, Halsted subjected Mr. Yarborough to a harassment campaign by calling Mr. Yarborough on his cellular phone relentlessly for about six months.

27. Between and including September 2, 2020 and February 11, 2021, Halsted called Mr. Yarborough on his cellular telephone no less than **ONE HUNDRED FIFTY-SIX (156) times** *after* he revoked consent.

28. Halsted called Mr. Yarborough almost every day, including the weekends.

29. Halsted called Mr. Yarborough several times a day, regularly calling Mr. Yarborough four times in a single day

30. Halsted called Mr. Yarborough at all times during the day.

31. Halsted called Mr. Yarborough from several different phone numbers, making it harder for Mr. Yarborough to screen the calls and making it appear that Mr. Yarborough was being pursued by more debt collectors

32. Upon information and belief, Halsted called Mr. Yarborough and delivered prerecorded or artificial voice messages.

33. Upon information and belief, Halsted also called and texted, or attempted to call

and text friends and family of Mr. Yarborough with the intention that they would communicate to Mr. Yarborough that Halsted was attempting to collect a debt from him, causing Mr. Yarborough additional embarrassment and distress.

34. Upon information and belief, Halsted's automatic dialers failed to return to the on-hook state within 60 seconds of completion of dialing.

35. Upon information and belief, Halsted's system "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" and "then store[s] those numbers to be dialed at a later time." *Facebook, Inc. v. Duguid*, 592 U. S. \_\_\_\_, slip op. 10, n.7 (2021).

36. Upon information and belief, Halsted's system used to call Mr. Yarborough has the capacity to store a telephone number using a random or sequential number generator.

37. Upon information and belief, Halsted's system used to call Mr. Yarborough has the capacity to produce a telephone number using a random or sequential number generator.

38. Halsted's intrusion upon Mr. Yarborough's seclusion was highly offensive to the reasonable person. Halsted intruded into Mr. Yarborough's seclusion by placing over 150 telephone calls to his cellular phone, even after Mr. Yarborough explained that he simply did not have the money to pay, and he had given Halsted clear instructions to not call him but to communicate with him by mail.

39. Halsted is familiar with the TCPA, the FDCPA and the FCCPA.

40. Halsted's conduct was not only done willfully but was done with the intention of causing Mr. Yarborough such distress, so as to induce him to pay the debt.

41. Halsted's conduct was oppressive, outrageous, and exceeded reasonable collection efforts. Halsted conduct was especially unreasonable because they called relentlessly shortly after

Mr. Yarborough explained that he was going through financial hardship. Having knowledge that Mr. Yarborough simply did not have money to repay Halsted, Halsted continued calling could only have been intended to oppress, harass and abuse Mr. Yarborough.

42. As a result of Halsted's conduct, Mr. Yarborough has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

43. Furthermore, each and every one of Halsted's telephone calls caused Mr. Yarborough distraction and temporary loss of use of his telephone line, which he needs for his work.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

44. Mr. Yarborough incorporates by reference paragraphs 18 through 43 as though fully stated herein.

45. Halsted violated the TCPA. Halsted's violations include, but are not limited to the following:

    a.    Within four years prior to the filing of this action, on multiple occasions, Halsted violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b. Within four years prior to the filing of this action, on multiple occasions Halsted violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party".

46. As a result of Halsted's violations of 47 U.S.C. §227, Mr. Yarborough is entitled to declaratory judgment that Halsted's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that Halsted knowingly and/or willfully violated the TCPA, Mr. Yarborough is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

**Violation of the FDCPA, 15 U.S.C. §1692 *et seq*.**

47. Mr. Yarborough incorporates by reference paragraphs 18 through 43 as though fully stated herein.

48. The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a), (e).

49. When Congress enacted the FDCPA in 1977, Congress had found that abusive debt collection practices harmed consumers by, among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

50. Halsted violated the FDCPA. Halsted's violations include, but are not limited to the following:

　　a.　Communicating with Mr. Yarborough at an unusual time, place, or manner known to be inconvenient to the consumer, in violation of §1692c(a)(1).

　　b.　Communicating with persons other than Mr. Yarborough in connection with the collection of Mr. Yarborough's alleged debt, in violation of §1692c(b).

　　c.　Engaging in conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of §1692d.

　　d.　Halsted's harassing conduct includes causing Mr. Yarborough's phone to ring or engaging Mr. Yarborough in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass, in specific violation of §1692d(5).

　　e.　Using no less than seven (7) phone numbers to call Mr. Yarborough, which constitutes false, deceptive, or misleading means in connection with the collection of any debt, in violation of §1692e.

　　f.　Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of §1692f.

51. The FDCPA provides for actual damages and statutory damages of one thousand dollars ($1,000.00) after the finding of a violation by Halsted. Additionally, Mr. Yarborough may recover reasonable attorney's fees and costs from Halsted. §1692k(a).

## COUNT III

### Violations of the FCCPA, §559.55 *et seq*. Fla. Stat.

52. Mr. Yarborough incorporates by reference paragraphs 18 through 43 as though fully stated herein.

53. Halsted violated §559.72 of the FCCPA. Section 559.72 provides in relevant part: "In collecting consumer debts, no person shall: . . . (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

54. Halsted willfully called Mr. Yarborough with such frequency and methodology as can reasonably be expected to abuse and harass Mr. Yarborough and members of his family.

55. As a result of Halsted's violations of §559.72, Fla. Stat., Mr. Yarborough is entitled to an award of actual damages and statutory damages of one thousand dollars ($1,000.00), for each and every violation, pursuant to §559.77(2) Fla. Stat.

56. The Court may award additional statutory damages by considering the nature of Halsted's noncompliance with §559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

57. Section 559.77(2) expressly authorizes the Court to award Mr. Yarborough punitive damages.

## COUNT IV

### Halsted Intrusion upon Mr. Yarborough's Seclusion

58. Mr. Yarborough incorporates by reference paragraphs 18 through 43 as though fully stated herein.

59. Halsted intruded upon Mr. Yarborough's seclusion. Restatement of the Law, Second, Torts, §652B defines the tort of intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

60. Halsted's violations of Mr. Yarborough's privacy include, but are not limited to, the following:

   a. Halsted intentionally intruded, physically or otherwise, upon Mr. Yarborough's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite a request for the calls to cease.

   b. The number and frequency of the telephone calls to Mr. Yarborough by Halsted after a request for the calls to cease constitute an intrusion on Mr. Yarborough's privacy and solitude.

   c. Halsted's conduct would be highly offensive to a reasonable person because Halsted called Mr. Yarborough relentlessly shortly after he had explained the reason why he could not make a payment and asked Halsted not to call him. Unfazed, Halsted continued to call Mr. Yarborough virtually every day, multiple times a day, at all times of the day, for over five months, fully aware that Mr. Yarborough had revoked consent to be called on his cellular phone.

   d. The frequency and volume of Halsted's calls were harassing to Mr. Yarborough.

    e.    Halsted's acts, as described above, were done intentionally with the purpose of coercing Mr. Yarborough to pay the alleged debt, which it was aware that Mr. Yarborough could not afford to pay.

61.    As a result of Halsted's violations of Mr. Yarborough's privacy, Halsted is liable to Mr. Yarborough for actual damages. If the Court finds that Halsted's conduct was egregious, Mr. Yarborough may recover punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Mr. Yarborough hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Darrel Yarborough respectfully requests judgment be entered against Defendant Halsted Financial Services, LLC for the following:

A.    Declaratory judgment that Halsted violated the TCPA, the FDCPA and the FCCPA;

B.    Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C.    Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D.    Actual damages pursuant to 15 U.S.C. §1692k(a);

E.    Statutory damages pursuant to 15 U.S.C. §1692k(a);

F.    Attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a);

G.    Actual damages pursuant to §559.72, Fla. Stat.;

H.    Statutory damages pursuant to §559.72, Fla. Stat.;

I.    Punitive damages pursuant to §559.72, Fla. Stat.;

J.   Attorneys' fees and costs pursuant to §559.72, Fla. Stat.;

K.   Actual damages for Halsted's intrusion upon Mr. Yarborough's seclusion;

L.   Punitive damages for Halsted's intrusion upon Mr. Yarborough's seclusion;

M.   Awarding Mr. Yarborough any pre-judgment and post-judgment interest as may be allowed under the law; andss

N.   Any other relief that this Honorable Court deems appropriate.

Date: August 26, 2021

*/s/ Santiago J Teran*
Santiago J Teran (FL Bar No. 1018985)
Price Law Group, APC
2125 Biscayne Bldv., Ste 206
Miami, FL 33137
E-mail: santiago@pricelawgroup.com
Cell: (347) 946-7990
Telephone: (818) 600-5586
Facsimile: (818) 600-5486
*Attorneys for Plaintiff Darrell Yarborough*